UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DREAMA LOVETT,

    Plaintiff,
v.

LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, DREAMA LOVETT ("LOVETT"), by and through her undersigned counsel, hereby sues LIBERTY MUTUAL INSURANCE COMPANY ("LIBERTY"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof.  This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq.  LOVETT brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. LOVETT was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LIBERTY is a corporation with its principal address in the Commonwealth of Massachusetts that is authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LIBERTY, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to LOVETT by LIBERTY.

6. LOVETT was at all times material an employee of or former employee of Walmart Inc.

7. By way of her employment at Walmart Inc., LOVETT was at all times material a plan participant under Group Disability Income Policy GF3-850-290765-02 (the "LTD Policy"), which is a Long Term Disability insurance policy issued and insured by LIBERTY for employees of Walmart Inc., who is the plan Sponsor. It is pursuant to Policy GF3-850-290765-02 that LOVETT is entitled to benefits. A copy of Group Disability Income Policy GF3-850-290765-02 as provided by LIBERTY to LOVETT is attached as Exhibit "A".

8. The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LIBERTY is the insurer of benefits under the LTD Policy and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any

appeals of denied claims.

10. As the decision maker and payer of plan benefits, LIBERTY administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LIBERTY is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Policy, LOVETT is entitled to LTD benefits for the duration of her disability, or until age 67 years, so long as she remains disabled as required under the terms of the LTD Policy.

12. According to the LTD Policy,

> "Disability" or "Disabled" means:
>
> 1. For persons other than pilots, co-pilots, and crew of an aircraft:
>
> a. i. "Disability" or "Disabled" means during the Elimination Period and the next 24 months of Disability the Covered Person is unable to perform all of the material and substantial duties of his own occupation on an Active Employment basis because of an Injury or Sickness; and
>
> ii. After 24 months of benefits have been paid, the Covered Person is unable to perform, with reasonable continuity, all of the material and substantial duties of any other occupation.

13. Since approximately April 7, 2019, LOVETT has been disabled under the terms of the LTD Policy.

14. After becoming disabled, LOVETT made a timely claim to LIBERTY under the LTD Policy for disability benefits and benefits were eventually paid for the period of October 6, 2019 through October 5, 2021.

15. By letter dated August 31, 2021, LIBERTY informed LOVETT that it was denying her claim for continued LTD benefits beyond October 5, 2021 as LIBERTY contended that LOVETT no longer met the definition of disability of the policy as of October 6, 2021.

16. LOVETT timely and properly appealed LIBERTY's August 31, 2021 denial letter.

17. By letter dated May 16, 2022, LIBERTY informed LOVETT that it was affirming its previous decision to deny LOVETT's claim for LTD disability benefits beyond October 5, 2021 and informed LOVETT that her administrative remedies had been exhausted.

18. At all relevant times, LOVETT complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

19. At all relevant times, because of an Injury or Sickness, LOVETT has been unable to perform all of the material and substantial duties of her own occupation on an Active Employment basis.

20. At all relevant times, LOVETT has been unable to perform, with reasonable continuity, all of the material and substantial duties of any other occupation.

21. At all relevant times, LOVETT has been under the regular care of a doctor.

22. At all relevant times, LOVETT was a Covered Person under the LTD Policy.

23. From October 6, 2021 through the present date, LOVETT has not received benefits owed to her under the LTD Policy, despite LOVETT's right to these benefits.

24. LIBERTY has refused to pay LOVETT's claim for LTD benefits beyond October 5, 2021.

25. At all relevant times, LIBERTY was the payer of benefits.

26. At all relevant times, LIBERTY (formerly Liberty Mutual Insurance Company) was the "Insurance Company" identified throughout the LTD Policy.

27. At all relevant times, LIBERTY was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

28. At all relevant times, LOVETT has been and remains Disabled and entitled to LTD benefits from LIBERTY under the terms of the LTD Policy.

29. LOVETT has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

30. LOVETT incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), LOVETT, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

33. LOVETT has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LIBERTY's failure to pay her continued claim for disability benefits under the LTD Policy.

34. LOVETT has exhausted all administrative remedies under the LTD Policy.

35. Defendant breached the LTD Policy and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to LOVETT at a time when LIBERTY knew, or should have known, that LOVETT was entitled to those benefits under the terms of the LTD

        Policy, as LOVETT was disabled and unable to work and therefore entitled to benefits.

        (b)    Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to the applicable facts and LTD Policy provisions, for the termination of LOVETT's claim for LTD benefits;

        (c)    After LOVETT's claim was terminated in whole or in part, LIBERTY failed to adequately describe to LOVETT any additional material or information necessary for LOVETT to perfect her claim, along with an explanation of why such material is or was necessary.

        (d)    LIBERTY failed to properly and adequately investigate the merits of LOVETT's disability claim and failed to provide a full and fair review of LOVETT's claim.

36. LOVETT believes and thereon alleges that LIBERTY wrongfully terminated her claim for disability benefits under the LTD Policy by other acts or omissions of which LOVETT is presently unaware, but which may be discovered in this future litigation and which LOVETT will immediately make LIBERTY aware of once said acts or omissions are discovered by LOVETT.

37. Following the termination of benefits under the LTD Policy, LOVETT exhausted all administrative remedies required under ERISA and LOVETT has performed all duties and obligations on her part to be performed under the LTD Policy.

[2076803/4416229/1]

38. As a proximate result of the aforementioned wrongful conduct of LIBERTY, LOVETT has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding LOVETT's claim for benefits, LOVETT, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), LOVETT is entitled to have such fees and costs paid by LIBERTY.

40. The wrongful conduct of LIBERTY has created uncertainty where none should exist; therefore, LOVETT is entitled to enforce her rights under the terms of the LTD Policy and to clarify her right to future benefits under the terms of the LTD Policy.

**REQUEST FOR RELIEF**

WHEREFORE, DREAMA LOVETT prays for relief against LIBERTY MUTUAL INSURANCE COMPANY as follows:

1. Payment of disability benefits due to Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claim's administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: November 3, 2022

        ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2625 Weston Road
Weston, FL 33331
(954) 620-8300

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com